1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS N. SMITH, | ) | 1:05cv1188 LJO DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PLAINTIFF'S APPLICATION |
| v. | ) | FOR DEFAULT JUDGMENT |
| | ) | (Document 27) |
| FRED VAN DYK, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Thomas N. Smith ("Plaintiff") filed the instant application for default judgment on January 3, 2007.  The matter was heard on March 16, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge.  David Gilmore appeared with and on behalf of Plaintiff, Thomas N. Smith.  Plaintiff was sworn and testified in support of his request for judgement. There was no appearance on behalf of Defendant Fred Van Dyk ("Defendant").  The matter was submitted for findings and recommendation to the District Court judge.

## **BACKGROUND**

Plaintiff filed the instant action on September 19, 2005, seeking damages and declaratory relief for breach of contract and related causes of action. On December 29, 2006, the Clerk entered default against Defendant.

On January 3, 2007, Plaintiff filed the instant application for default judgment.

According to the complaint, Plaintiff's Declaration in Support of the Application for

1

Default Judgment, and Plaintiff's testimony at the hearing, Plaintiff and Defendant entered into a agreement for exchange of automobile and parts in 1998. Plaintiff agreed to deliver numerous automobiles and parts in exchange for a 1998 Volkswagen Jetta ("Jetta") worth approximately $23,000. Defendant represented that he was the true and sole owner of the Jetta. The property Plaintiff gave to Defendant had a fair market value of over $80,000 at the time the parties entered into the contract. Plaintiff entered into the agreement willingly because he was attempting to liquidate assets in anticipation of a move to New Zealand.

Approximately one year later, after spending much of the previous year in New Zealand, Plaintiff took the Jetta to the Department of Motor Vehicles to pay the licensing fee. He then learned that the car was leased from Volkswagen of America and that no payments had been made.

Plaintiff attempted to contact Defendant, but was unable to find him for almost four years. In attempting to find him, Plaintiff made numerous trips from New Zealand. During that time, the Jetta was stored and could not be used because of the status of the title.

Plaintiff eventually located Defendant, who indicated that he would pay the lease off. He never made any payments, however, and refused to reimburse Plaintiff.

In 2004, Defendant contacted the police and indicated that he was the registered owner of the Jetta. Defendant arranged to have the Jetta repossessed. Plaintiff contends that Defendant satisfied the lease for $2,500 and sold the Jetta for $3,500, making a $1,000 profit.

Plaintiff alleges that Defendant knew that his representations were false at the time he entered into the agreement, and that he made them with the intent to deceive, defraud, and induce reliance.

In his application for default judgment, Plaintiff requests general damages in the amount of $80,000 (the value of the property transferred to Defendant) and punitive damages in the amount of $25,000.

## DISCUSSION

Rule 55(b) of the Federal Rules of Civil Procedure provides that judgment by default may be entered as follows:

(1)     By the Clerk.  When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person.

(2)     By the Court.  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"Upon default, the well pleaded allegations of the complaint relating to liability are taken as true." Dundee Cement Co. v. Highway Pipe and Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice §55.11 (3d ed. 2000).

The facts of this case are relatively simple. Plaintiff entered into an agreement based upon Defendant's fraudulent misrepresentations. Plaintiff tried to locate Defendant in an attempt to remedy the situation, but was unable to do so. Some years later Defendant, in a brazen display located the Jetta and arranged to have it repossessed. Plaintiff testified that Defendant then made a *profit* by paying off the lease at a discount and selling the vehicle.

In his application, Plaintiff requests $80,000 in damages, an amount that represents his estimate of the fair market value of the property transferred to Defendant. He also requests $25,000 in punitive damages insofar as Defendant's conduct was fraudulent and willful.

"A plaintiff who contracts in reliance on the fraud of a defendant may either elect through contract remedy restitution based upon rescission and damages . . . or both restitution and consequential damages." *Arthur L. Sachs, Inc. v. City of Oceanside*, 151 Cal.App.3d 315, 322 (1984). The Court finds that the facts of this case support Plaintiff's argument for restitution.

1  Plaintiff relied on Defendant's fraudulent misrepresentations and is therefore entitled to be

2  returned to the status quo prior to entering into the contract.  Accordingly, Plaintiff is entitled to

3  $80,000, the approximate fair market value of the property given to Defendant, as restitution.

4  Additionally, the Court finds that punitive damages in the amount of $25,000 should be awarded

5  based on Defendant's fraudulent conduct.  Horn v. Guaranty Chevrolet Motors, 270 Cal.App.2d

6  477, 484 (1969) (although punitive damages are generally not recoverable in contract actions,

7  they may be awarded where fraudulent conduct is involved).

8  **RECOMMENDATION**

9      For the reasons discussed above, the Court RECOMMENDS to:

10  1.      GRANT Plaintiff's application for default judgment in favor of Plaintiff and

11          against Defendant;

12  2.      AWARD Plaintiff restitution in the amount of $80,000; and

13  3.      AWARD Plaintiff punitive damages in the amount of $25,000.

14      This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,

15  United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B)

16  and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern

17  District of California.  Within thirty (30) days after being served with a copy, any party may file

18  written objections with the court and serve a copy on all parties.  Such a document should be

19  captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will

20  then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are

21  advised that failure to file objections within the specified time may waive the right to appeal the

22  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23      IT IS SO ORDERED.

24  **Dated:   March 21, 2007**          **/s/ Dennis L. Beck**
    3b142a                              UNITED STATES MAGISTRATE JUDGE

25

26

27

28

4