# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS N. SMITH, | ) 1:05cv1188 LJO DLB |
| | ) |
| | ) |
| Plaintiff, | ) FINDINGS and RECOMMENDATIONS ON<br>) DEFENDANT'S MOTION TO SET ASIDE<br>) DEFAULT AND VACATE DEFAULT |
| v. | ) JUDGMENT |
| | ) |
| FRED VAN DYK, et al., | ) (Documents 40, 41) |
| | ) |
| | ) |
| Defendants. | ) |

    Defendant Fred Van Dyk ("Defendant") filed the instant motion to vacate default judgment on October 4, 2007. The matter was heard on December 14, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge. David Gilmore appeared on behalf of Plaintiff Thomas N. Smith ("Plaintiff"). Leonard Herr appeared on behalf of Defendant.

## PROCEDURAL HISTORY

    Plaintiff filed the instant diversity action on September 19, 2005, seeking damages and declaratory relief for breach of contract and related causes of action. On August 18, 2006, he filed a proof of service indicating that process server June Waara served Defendant on November 2, 2005, at 7:35 p.m. According to the proof of service, copies were left with a male, who

refused to give his name, at 141 "I" Street, Tulare, California.  Copies were also mailed via certified mail on November 3, 2005.[1]

On August 23, 2006, Plaintiff requested entry of default.  The Court ordered Plaintiff to submit a supplemental declaration regarding the proof of service on October 23, 2006.  On December 29, 2006, pursuant the Court's order, the Clerk entered default against Defendant.

On January 3, 2007, Plaintiff filed an application for default judgment.  The Court held a prove up hearing on March 16, 2007, and issued Findings and Recommendation that default judgment be entered against Defendant in the total amount of $105,000.  The Court adopted the Findings and Recommendation on May 7, 2007, and entered judgment on May 8, 2007.

A writ of execution issued on June 12, 2007.

On October 4, 2007, Defendant filed a motion to set aside the default and vacate judgment, along with his declaration.

On October 23, 2007, Plaintiff filed evidentiary objections to Defendant's declaration in support of his motion.

Defendant filed a reply on November 2, 2007, in which he points out that Plaintiff did not address his factual and legal arguments.  He further requests that the Court order the return of all sums collected by Plaintiff through the garnishment of Defendant's wages.

Defendant filed supplemental briefing on November 27, 2007, in which admits that he was the sole occupant living at 141 "I" Street In Tulare, California, on November 2, 2005.

## FACTUAL BACKGROUND

According to the complaint, Plaintiff's Declaration in Support of the Application for Default Judgment, and Plaintiff's testimony at the hearing, Plaintiff and Defendant entered into a contract for sales and exchange of automobile and parts in 1998.  Plaintiff agreed to deliver numerous automobiles and parts in exchange for a 1998 Volkswagen Jetta ("Jetta") worth approximately $23,000.  Defendant represented that he was the true and sole owner of the Jetta.

---

[1] Ms. Waara's declaration on the proof of service indicates that she mailed the summons and complaint via certified mail on November 3, **2006**.  However, because the declaration was dated November 10, 2005, and filed in August 2006, it appears that this date should have been November 3, **2005**.

The property Plaintiff gave to Defendant had a fair market value of over $80,000 at the time the parties entered into the contract. Plaintiff entered into the agreement willingly because he was attempting to liquidate assets in anticipation of a move to New Zealand.

Approximately one year later, after spending much of the previous year in New Zealand, Plaintiff took the Jetta to the Department of Motor Vehicles to pay the licensing fee. He then learned that the car was leased from Volkswagen of America and that no payments had been made.

Plaintiff attempted to contact Defendant, but was unable to find him for almost four years. In attempting to find him, Plaintiff made numerous trips from New Zealand. During that time, the Jetta was stored and could not be used because of the status of the title.

Plaintiff eventually located Defendant, who indicated that he would pay the lease off. He never made any payments, however, and refused to reimburse Plaintiff.

In 2004, Defendant contacted the police and indicated that he was the registered owner of the Jetta. Defendant arranged to have the Jetta repossessed. Plaintiff contends that Defendant satisfied the lease for $2,500 and sold the Jetta back to Volkswagen of America for $3,500, making a $1,000 profit.

Plaintiff alleges that Defendant knew that his representations were false at the time he entered into the agreement, and that he made them with the intent to deceive, defraud, and induce reliance.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 60(b), a party may seek relief from a default judgment. While a district court has discretion to grant or deny a Rule 60(b) motion, the discretion is limited by three factors. Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir. 1974). First, Rule 60(b) is remedial in nature and must be liberally applied. Id. Second, default judgments are generally disfavored and cases should be decided on their merits whenever reasonably possible. Id. Finally, "where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." Id. "Put another way, 'where

there has been *no* merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute.'" TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

Defendant's main argument in support of vacating the default judgment rests on the validity of service. Rule 60(b)(4) permits the court to vacate a judgment where the judgment is void. A judgment is void if the party against whom default was entered was never properly served or received no actual notice of the action before the answer was due. See, eg., Mason v. Genisco Technology Corp., 960 F.2d 849, 851 (9th Cir. 1992); Walker & Zanger (West Coast) Ltd. v. Stone Design S.A., 4 F.Supp.2d 931 (C.D.Cal.,1997). Once the validity of service of process is contested, the plaintiff bears the burden of establishing its validity. Walker & Zanger (West Coast) Ltd., 4 F.Supp. at 934 (citing Carmini v. Royal Carribean Cruise Line, Inc., 959 F.2d 1344, 1346 (5th Cir. 1992).

To determine whether service was proper, courts look to the requirements of Federal Rule of Civil Procedure 4. Under Rule 4(e), service may be effected pursuant to either federal law, or by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." For service to be valid under federal law, the process server must do any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. Pro. 4(e)(2).

Given the proof of service submitted to the Court, service was not effected under federal law. The male who answered the door at the residence refused to give his name and there is no indication of his age. Turning to service under California law, this result does not change. California law provides for service of summons upon an individual person "by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive

1 service of process." Cal.Civ.Proc.Code § 416.90.  If, after reasonable diligence, the summons
2 and complaint cannot be personally delivered in accordance with section 416.90, several methods
3 of substitute service are permitted.  Cal.Civ.Proc.Code § 415.20(b).

4       However, as stated in the statute, substitute service is only permitted after reasonably
5 diligent efforts at personal service have been made.  Burchett v. City of Newport Beach, 33
6 Cal.App.4th 1472, 1477 (1995) ( "As noted in the Legislative comment to the section, 'Personal
7 delivery must be attempted in all cases where this alternative method of service is used.'").
8 There is no dispute here that the process server failed to make a reasonably diligent attempt to
9 personally serve Defendant prior to turning to substitute service.  In fact, she made no further
10 attempt at personal service after her initial attempt on November 2, 2005.

11       Accordingly, Defendant has not been properly served under either federal law or
12 California law, leaving this Court without personal jurisdiction.  The judgment entered on May 8,
13 2007, is therefore void and must be vacated.

14       These findings and recommendations are submitted to the United States District Judge
15 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within 20
16 days after being served with these findings and recommendations, plaintiff may file written
17 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
18 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
19 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
20 F.2d 1153 (9th Cir. 1991).

21       It is therefore RECOMMENDED that the Court enter an ORDER as follows:
22       1.    Defendant's motion to set aside the default judgment is GRANTED;
23       2.    Default entered on December 29, 2006, is SET ASIDE and the May 8, 2007,
24           judgment is VACATED;
25       3.    Defendant SHALL file an answer to the complaint within twenty (20) days of the
26           date of service of this order;
27
28

4. Garnishment of Defendant's wages SHALL be stopped immediately and all sums collected by garnishment to date SHALL be returned to Defendant within thirty (30) days of the date of service of this order; and

5. A scheduling conference is set for February 20, 2008, at 8:30 a.m., in Courtroom 4, before the Honorable Lawrence J. O'Neill.  The parties shall advise the Court as to whether they consent to the jurisdiction of the magistrate judge as soon as possible.

IT IS SO ORDERED.

Dated:   **December 26, 2007**              **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE